UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LISA TAIBI-GOSS,

        Plaintiff,

vs.

ST. CHRISTOPHER'S INN, INC.,

        Defendant.
-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

By and through her counsel, Watkins Law and Bergstein & Ullrich, Plaintiff complains of Defendant as follows:

## I.    INTRODUCTION

1. Plaintiff Lisa Taibi-Goss, brings suit to redress the violation of her rights under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), and the New York State Human Rights Law (NYSHRL).

## II.    PARTIES

2. Plaintiff Lisa Taibi-Goss resides in the County of Westchester, State of New York, within this judicial district. At all relevant times, she worked for Defendant in Garrison, New York, in Putnam County, within this judicial district.

3. Defendant St. Christopher's Inn, Inc. ("SCI") is a not-for-profit corporation headquartered in Garrison, New York, and was established pursuant to the laws of the State of New York. It may sue and be sued.

## II.    JURISDICTION

4. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. secs. 1331, 1343 (3) and (4) and 1367, 29 U.S.C. §§ 2601 et seq., 42 U.S.C. secs 12112 et seq., and 29 U.S.C.

§§ 621-634.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a), as her state law claim arises from a common nucleus of facts as her federal claims.

6. Plaintiff filed a timely charge of age and disability discrimination with the EEOC in April 2019 and has received a Notice of Right to Sue from the EEOC within the past 90 days.

### III.   FACTUAL AVERMENTS

#### A.   Background

7. Plaintiff is a 65 year-old woman who is a licensed R.N. (Registered Nurse) with a B.S.N. (Bachelor of Science in Nursing) degree.

8. Plaintiff began employment with Defendant as a full-time contract manager in February 2012.

9. Defendant provides services to homeless men, including a temporary homeless shelter and other housing services, and health care services, including chemical dependency treatment and primary health care through contracted providers.

10. As a contract manager, Plaintiff's work duties were extensive and included: writing, developing, and negotiating health care contracts with various public institutions and private heath insurance carriers; credentialing health care programs; designing, developing and implementing a medical record quality of care internal audit program; administrative oversight of health care contracts and services; and representation of SCI at state and regional conferences, seminars and training with governmental entities and private pay health insurance carriers.

11. In addition, as contract manager, Plaintiff designed, developed, negotiated, and implemented Defendant's participation in the New York State Department of Health's "Delivery System Reform Incentive Payment" (DSRIP) Medicaid program. SCI was accepted into twelve (12)

"Performing Provider Systems" (PPS), which was a first for any facility or agency serving the homeless in New York State, and a major source of income for SCI.

12. From 2012 through 2017, Plaintiff received "Excellent" performance evaluations from her supervisors, as well as regular pay raises and increases to her duties and responsibilities.

13. However, in 2017, Defendant began to view Plaintiff negatively because of her own serious illness and her husband's serious illness.

14. In or about January 2017, Plaintiff requested and was approved for intermittent Family Medical Leave Act (FMLA) leave based on her cancer diagnosis and need for surgery and chemotherapy and radiation therapy/treatment.

15. Plaintiff also applied for intermittent FMLA leave to care for her husband, who suffered a cardiac arrest and stroke, and SCI approved that request in or about March 2017.

16. In or about July 2017, Defendant appointed a new Chief Executive Officer, Sandra Iberger.

17. Iberger was aware of Plaintiff's cancer diagnosis and her husband's serious health condition.

18. Plaintiff's cancer substantially limited her in a major life activity, namely in normal cell growth.

19. However, despite having cancer and undergoing cancer surgery in March 2017 and subsequent treatment, Plaintiff completed *all* assignments and duties that were required and/or expected of her.

20. Plaintiff worked extra hours many weeks throughout 2017 to compensate for her need to take intermittent leave, including by working from home at night and on weekends and holidays.

21. On or about May 1, 2018, Defendant again approved intermittent FMLA leave for

3

Plaintiff based on her own serious health condition (cancer), and her husband's serious health condition (heart failure and kidney failure).

21.  As in 2017, despite her and her husband's medical conditions, Plaintiff completed *all* assignments and duties that were required and/or expected of her.

22.  In addition, as in 2017,  Plaintiff worked extra hours many weeks in 2018 to compensate for her need to take intermittent leave, including by working from home at night and on weekends and holidays.

23.  On November 3, 2018, Plaintiff's husband passed away, and Plaintiff needed to take leave because she was mentally and physically unable to immediately return to work.

24.  SCI's Human Resources Director, Sandra Landman, recommended that Plaintiff apply for Short Term Disability ("STD") benefits provided by SCI and New York State, and to apply for disability leave.

25.  Plaintiff applied for and was approved for STD benefits and disability leave.

26.  Landsman subsequently advised Plaintiff that she needed to re-apply for FMLA leave based on her own health condition, with a starting leave date of November 4, 2018, Plaintiff submitted her FMLA leave request with supporting documentation on or about December 20, 2018.

27.  While the dates of disability listed on Plaintiff's FMLA paperwork were November 4, 2018 through February 4, 2019, Plaintiff advised Landsman and SCI's CFO, James Mickler, that she wanted to return to work in January 2019.

28.  However, on January 18, 2019, Landsman and Mickler notified Plaintiff by telephone that SCI was terminating her employment; they did not provide a reason for the decision.

29.  In a subsequent termination letter to Plaintiff, SCI claimed that it had eliminated her position.

30. In fact, Plaintiff's Contract Manager duties continued to be performed by a younger, and less experienced, SCI employee who did not have a physical impairment which substantially limited a major life activity and had not used FMLA leave.

31. Despite Plaintiff's record of outstanding service, SCI terminated her because of her age, because of her disability and/or because it regarded her as disabled, and because she used FMLA leave, all in violation of federal and state law.

32. In addition, SCI denied Plaintiff a reasonable accommodation by terminating her while she was taking a short-term leave based on her medical condition.

33. As a result of her termination, Plaintiff has suffered substantial lost pay and benefits, physical illness, and mental anguish.

34. In terminating Plaintiff, Defendant acted maliciously and in reckless disregard of federal law.

## IV.    CAUSES OF ACTION

35. Plaintiff incorporates paras. 1-34 as if fully restated herein.

36. In terminating Plaintiff because of her age, Defendant violated her rights under the Age Discrimination in Employment act ("ADEA"), 29 U.S.C. §§ 621-634, and the New York State Human Rights Law ("NYSHRL"), NY Executive Law § 296.

37. In terminating Plaintiff because of her disability, Defendant violated her rights under the Americans with Disabilities Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 et seq., and the NYSHRL.

38. In terminating Plaintiff because she had taken FMLA leave, Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.

39. In terminating Plaintiff because she required a reasonable accommodation in the form

of short-term leave due to her disability, Defendant violated the ADAAA and NYSHRL.

## V.    PRAYER FOR RELIEF

40.   WHEREFORE, Plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to Plaintiff compensatory damages, including damages for lost pay and benefits, physical

sickness and emotional distress;

(c) award to Plaintiff liquidated damages against defendant for its willful violation of the ADEA

and/or FMLA;

(d) award to Plaintiff punitive damages under the ADA and the NYSHRL;

(d) order Plaintiff reinstated or award her front pay;

(f) award to Plaintiff reasonable attorneys' fees and costs; and

(g) enter any other relief justified by the law and facts.

Dated: New Paltz, NY
        May 8, 2020

Respectfully submitted,

Christopher D. Watkins (CW 2240)
WATKINS LAW
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250

Stephen Bergstein
BERGSTEIN & ULLRICH
5 Paradies Lane
New Paltz, NY 12561
(845) 469-1277
*Attorneys for Plaintiff*